IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| CRISTAL CAUTHEN, as Administrator of the Estate of GINA WOOD JACKSON, HOLLIS J. JACKSON, as Surviving Spouse of GINA WOOD JACKSON, and MATTHEW SCOTT WOOD and KENNETH DERRICK HATCH as Surviving Sons of GINA W. JACKSON, | ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) Civil Action No.:_____ |
| vs. | ) ) ) ) |
| ANTWAIN DURRELL PERSON, CROSSCUT TIMBER, LLC, HEARD COUNTY TIMBER, INC., JOHN DOE and JOHN DOE, INC., | ) ) ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

## NOTICE OF REMOVAL BY DEFENDANT CROSSCUT TIMBER, LLC

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Crosscut Timber, by counsel, hereby files a Notice of Removal of this action from the Superior Court of Polk County, Georgia to the United States District Court for the Northern District of Georgia, Rome Division, based on the following:

1.

Plaintiffs filed a Complaint in Tort and Wrongful Death and Demand for Jury Trial in the Superior Court of Polk County, Georgia, captioned *Cristal*

1

*Cauthen, as Administrator of the Estate of Gina Wood Jackson, Hollis J. Jackson,*
*as Surviving Spouse of Gina Wood Jackson, and Matthew Scott Wood and Kenneth*
*Derrick Hatch as Surviving Sons of Gina W. Jackson v. Antwain Durrell Person,*
*Crosscut Timber, LLC, Heard County Timber, Inc., John Doe and John Doe, Inc.,*
Civil Action No. 2017CV-489M.  Defendant Crosscut Timber, LLC was served
with a copy of the summons and Complaint on July 6, 2017.

2.

Copies of all process, pleadings, and orders are attached hereto as Exhibit A
in accordance with 28 U.S.C. § 1446(a).  A copy of the Notice to the Superior
Court of Polk County, Georgia of the removal of this action to the United States
District Court is attached hereto as Exhibit B.

3.

Less than thirty (30) days have passed since the service of the summons and
Complaint on this Defendant.  Therefore, this case is being timely removed
pursuant to 28 U.S.C. § 1446(b).

4.

The amount in controversy exceeds the sum value of $75,000.00, exclusive
of interest and costs, as discussed more fully in Defendant Crosscut Timber, LLC's
Memorandum of Law in Support of Removal, attached hereto as Exhibit C.  In this
regard, Plaintiffs' Complaint alleges that this Defendant's negligence contributed

2

to the death of Plaintiffs' decedent.   <u>See</u> Complaint, ¶¶ 24-35.   Plaintiffs seek damages for medical expenses; damages for decedent's pain, suffering, and mental anguish; damages for the full value of the decedent's life; and punitive damages. <u>Id.</u> at ¶ 55.   Because Plaintiffs' damages are unspecified, this Defendant's burden is only to prove by a preponderance of the evidence – that is, that it is more likely than not – that the amount in controversy exceeds the minimal jurisdictional limits. <u>See</u> <u>Pretka v. Kolter City Plaza II, Inc.</u>, 608 F.3d 744, 752 (11th Cir. 2010); <u>Tapscott v. MS Dealer Serv. Corp.</u>, 77 F.3d 1353, 1356-57 (11th Cir. 1996), <i>overruled on other grounds by</i> <u>Cohen v. Office Depot, Inc.</u>, 204 F.3d 1069, 1072 (11th Cir. 2000).   In carrying this burden, it is permissible to rely on "reasonable deductions, reasonable inferences, or other reasonable extrapolations," so, "[w]hen the complaint does not claim a specific amount of damages, removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."   <u>Pretka</u>, 608 F.3d at 754 (citations omitted).

5.

Plaintiffs are all citizens of the state of Georgia.   Defendant Crosscut Timber, LLC is a citizen of the state of Alabama.

6.

Defendants Heard County Timber, Inc. and Antwain Durrell Person are citizens of the state of Georgia, but they have been fraudulently joined solely to defeat diversity because there is no possibility that Plaintiffs' suit may be maintained against them; accordingly, their citizenship should not be considered. See Ex. C.  Plaintiffs have already executed a "limited liability" release against those Defendants, except to the extent there may be "other" insurance coverage available to them.  See Exhibit D, attached hereto.  The release, however, functions as a full release because Plaintiffs are not seeking coverage through decedent's underinsured motorist coverage.  See Exhibit A, attached hereto.  Furthermore, Defendant Person was not an employee or agent of Crosscut Timber, LLC.  See Affidavit of Michael Weathers, attached hereto as Exhibit F, ¶¶ 5-9.  And coverage for Person and Heard County Timber, Inc. is not afforded by this Defendant's insurance policies or MSC-90 endorsement.  See Certified Copies of Commercial General Liability Policy and Commercial Auto Policy, attached hereto as Exhibit G.

7.

This pleading and written notice hereof is being contemporaneously served upon counsel for Plaintiffs and Defendants Person and Heard County Timber, Inc. A copy of the Notice of Removal is being filed with the Clerk of the Superior

Court of Polk County, Georgia pursuant to 28 U.S.C. § 1446(d).

8.

Venue properly lies in the Northern District of Georgia, Rome Division, pursuant to 28 U.S.C. § 1391(c) because the accident occurred in Polk County, Georgia, and suit was filed in a superior court located in said district and division.

WHEREFORE, Defendant Crosscut Timber, LLC respectfully requests that this action be removed from the Superior Court of Polk County, Georgia, to the United States District Court for the Northern District of Georgia, Rome Division, and that no further proceedings be had in the State action.

Respectfully submitted, this 2nd day of August, 2017.

/s/David N. Nelson
David N. Nelson
Georgia Bar No. 537760
Chambless, Higdon Richardson,
  Katz & Griggs, LLP
P.O. Box 18086
Macon, GA 31209-8086
(478) 745-1181
dnelson@chrglaw.com

/s/Frances L. Clay
Frances L. Clay
Georgia Bar No. 129613
Chambless, Higdon Richardson,
  Katz & Griggs, LLP
P.O. Box 18086
Macon, GA 31209-8086
(478) 745-1181
fclay@chrglaw.com
*Attorneys for Defendant Crosscut Timber, LLC*

5

## CERTIFICATE OF SERVICE

I, DAVID N. NELSON, hereby certify that I have this day served the foregoing pleading upon all parties in this action by filing same with the Clerk of Court using the EM/ECF System and by placing a copy of the same in the United States Mail, First Class, in a properly addressed envelope with sufficient postage affixed thereto to insure delivery to:

William L. Lundy, Jr., Esq.
Richard J. Lundy, Esq.
Charles E. Morris, Jr., Esq.
Parker & Lundy
212 Main Street
Post Office Box 1018
Cedartown, Georgia 30125

*Attorneys for Plaintiffs*

Mr. Antwain Durrell Person
113 Roast Near Lane
Carrollton, Georgia 30116

*Defendant*

Ms. Sheenah Pike
Heard County Timber
1477 Redland Road
Franklin, Georgia 30217

*Defendant*

This 2nd day of August, 2017.

*/s/ David N. Nelson*
David N. Nelson

6