EXHIBIT A

## IN THE POLK COUNTY SUPERIOR COURT
## STATE OF GEORGIA

CRISTAL CAUTHEN, as Administrator of   \*
the Estate of GINA WOOD JACKSON,     \*
HOLLIS J. JACKSON, as Surviving     \*
Spouse of GINA WOOD JACKSON, and    \*  Civil Action File No.:
MATTHEW SCOTT WOOD AND KENNETH    \*
DERRICK HATCH as Surviving Sons of   \*  *2017CV-489M*
GINA W. JACKSON,                    \*
                                 \*
    Plaintiffs,                   \*
                                 \*
VS.                               \*
                                 \*
ANTWAIN DURRELL PERSON, CROSSCUT    \*
TIMBER, LLC., HEARD COUNTY TIMBER,   \*
INC., JOHN DOE and JOHN DOE, INC.    \*
                                 \*
    Defendants.                  \*

TO THE ABOVE-NAMED DEFENDANT: **ANTWAIN DURRELL PERSON**

    You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

William L. Lundy, Jr.
Richard J. Lundy
Charles E. Morris, Jr.
Parker and Lundy
212 Main Street
P.O. Box 1018
Cedartown, Georgia 30125
(770) 748-5643

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

    This   *28*   day of   *June*  , 2017.

Clerk of Superior Court

By: *Sheila Wells*
~~Deputy~~ Clerk

## IN THE POLK COUNTY SUPERIOR COURT
## STATE OF GEORGIA

CRISTAL CAUTHEN, as Administrator of   *
the Estate of GINA WOOD JACKSON,   *
HOLLIS J. JACKSON, as Surviving   *
Spouse of GINA WOOD JACKSON, and   *   Civil Action File No.:
MATTHEW SCOTT WOOD AND KENNETH   *
DERRICK HATCH as Surviving Sons of   *   *2017 CV-489M*
GINA W. JACKSON,   *
  *
    Plaintiffs,   *
  *
VS.   *
  *
ANTWAIN DURRELL PERSON, CROSSCUT   *
TIMBER, LLC., HEARD COUNTY TIMBER,   *
INC., JOHN DOE and JOHN DOE, INC.   *
  *
    Defendants.   *

TO THE ABOVE-NAMED DEFENDANT: **HEARD COUNTY TIMBER, INC.,
by and through registered agent for service of process
Sheenah Pike, 1477 Redland Road, Franklin, Georgia 30217.**

    You are hereby summoned and required to file with the
Clerk of said court and serve upon the Plaintiff's
attorney, whose name and address is:

William L. Lundy, Jr.
Richard J. Lundy
Charles E. Morris, Jr.
Parker and Lundy
212 Main Street
P.O. Box 1018
Cedartown, Georgia 30125
(770) 748-5643

an answer to the complaint which is herewith served upon
you, within 30 days after service of this summons upon
you, exclusive of the day of service. If you fail to do
so, judgment by default will be taken against you for the
relief demanded in the complaint.

    This _____28_____ day of _____June_____, 2017.

Clerk of Superior Court

By: _Sheila Wells_____
~~Deputy~~ Clerk

## IN THE POLK COUNTY SUPERIOR COURT
## STATE OF GEORGIA

CRISTAL CAUTHEN, as Administrator of &ast;
the Estate of GINA WOOD JACKSON, &ast;
HOLLIS J. JACKSON, as Surviving &ast;
Spouse of GINA WOOD JACKSON, and &ast;   Civil Action File No.:
MATTHEW SCOTT WOOD AND KENNETH &ast;
DERRICK HATCH as Surviving Sons of &ast;   *2017 CV-489m*
GINA W. JACKSON, &ast;
&ast;
    Plaintiffs, &ast;
&ast;
&ast;
VS. &ast;
&ast;
ANTWAIN DURRELL PERSON, CROSSCUT &ast;
TIMBER, LLC., HEARD COUNTY TIMBER, &ast;
INC., JOHN DOE and JOHN DOE, INC. &ast;
&ast;
    Defendants. &ast;

TO THE ABOVE-NAMED DEFENDANT: **CROSSCUT TIMBER, LLC, by
and through registered agent for service of process
Michael J. Weathers, 213 County Road 476, Heflin,
Alabama, 36264.**

    You are hereby summoned and required to file with the
Clerk of said court and serve upon the Plaintiff's
attorney, whose name and address is:

William L. Lundy, Jr.
Richard J. Lundy
Charles E. Morris, Jr.
Parker and Lundy
212 Main Street
P.O. Box 1018
Cedartown, Georgia 30125
(770) 748-5643

an answer to the complaint which is herewith served upon
you, within 30 days after service of this summons upon
you, exclusive of the day of service. If you fail to do
so, judgment by default will be taken against you for the
relief demanded in the complaint.

    This _28_ day of _June_, 2017.

Clerk of Superior Court

*Sheila Wells*

By:_____
~~Deputy~~ Clerk

## IN THE POLK COUNTY SUPERIOR COURT
### STATE OF GEORGIA

CRISTAL CAUTHEN, as Administrator of   *
the Estate of GINA WOOD JACKSON,   *
HOLLIS J. JACKSON, as Surviving   *
Spouse of GINA WOOD JACKSON, and   *   Civil Action File No.:
MATTHEW SCOTT WOOD AND KENNETH   *
DERRICK HATCH as Surviving Sons of   *
GINA W. JACKSON,   *

     Plaintiffs,    *

      *

VS.    *

      *

ANTWAIN DURRELL PERSON, CROSSCUT   *
TIMBER, LLC., HEARD COUNTY TIMBER,   *
INC., JOHN DOE and JOHN DOE, INC.   *

      *

     Defendants.    *

*2017NCV- 489M*

FILED & RECORDED
CLERK SUPERIOR COURT
POLK COUNTY, GA.
2017 JUN 28  PM 3: 59
SHEILA WELLS, CLERK

### COMPLAINT IN TORT AND WRONGFUL DEATH AND DEMAND FOR TRIAL BY JURY

**COME NOW** the Plaintiffs, Cristal Cauthen as Administrator of the Estate of Gina Wood Jackson, Hollis J. Jackson as surviving spouse of Gina Wood Jackson, and Matthew Scott Wood and Kenneth Derrick Hatch as surviving sons of Gina Wood Jackson, and file this their Complaint in Tort and Wrongful Death and Demand for Trial by Jury, as follows:

### Parties, Jurisdiction and Venue

1.

Plaintiff Cristal Cauthen (hereinafter referred to as "Mrs. Cauthen") is the duly-qualified Administrator of the Estate of Gina Wood Jackson, having been so appointed by the Polk County Probate Court. Mrs. Cauthen is a resident of the

State of Georgia, and is subject to the jurisdiction of this Court.

2.

Plaintiff Hollis J. Jackson ("Mr. Jackson") is the surviving spouse of Gina Wood Jackson ("Mrs. Jackson.") Mr. Jackson is a resident of Polk County and is subject to the jurisdiction of this Court.

3.

Plaintiffs Matthew Scott Wood ("Mr. Wood") and Kenneth Derrick Hatch ("Mr. Hatch") are Mrs. Jackson's surviving sons. Mr. Wood and Mr. Hatch are residents of the State of Georgia and are subject to the jurisdiction of this Court.

4.

Defendant Antwain Durrell Person is a resident of the State of Georgia and is subject to the jurisdiction of this Court. On information and belief, Plaintiffs believe that Defendant Person is a resident of Carroll County, Georgia.

5.

Crosscut Timber, LLC ("Crosscut") is a foreign, for-profit corporation organized and existing pursuant to the laws of the State of Alabama. Crosscut's principal office is located at 213 County Road 476, Heflin, Alabama. Crosscut's registered agent for service of process is Michael J. Weathers, whose registered office is also located at 213 County Road 476, Heflin, Alabama, 36264.

6.

Defendant Crosscut is subject to the jurisdiction of this Court pursuant to OCGA § 9-10-91(1-3).

7.

Defendant Heard County Timber, Inc. ("HCT") is a domestic, for-profit corporation organized and existing pursuant to the laws of the State of Georgia. HCT's principal office and registered office are located at 1477 Redland Road, Franklin, Georgia 30217. HCT's registered agent for service of process is Sheenah Pike, who may be served with process at the corporation's registered office. Defendant HCT is subject to the jurisdiction of this Court.

8.

Defendants John Doe and John Doe, Inc. are the persons, firms and corporations whose identities are presently unknown, who either caused or contributed to the cause of the subject wreck at issue in this action and/or aided and abetted the known defendants in committing the safety violations that resulted in said subject wreck.

9.

Pursuant to Article VI, Section II, Paragraph IV of the Constitution of the State of Georgia and OCGA § 14-2-510, venue is proper in this Court.

## Statement of Plaintiff's Claims

10.

On Tuesday, April 12, 2016, Plaintiffs' decedent Gina Wood Jackson ("Mrs. Jackson") was driving a 1994 Grumman

United States Postal Service Cargo van, delivering mail on her route in Cedartown, Polk County, Georgia.

11.

At approximately 1:15 p.m., Mrs. Jackson stopped for a red traffic light at the intersection of Collard Valley Road and Georgia 1 Loop/U.S. Highway 27 Bypass. (Hereinafter referred to as "the subject intersection.")

12.

Mrs. Jackson waited at the traffic light until it changed to a green light. Thereafter, Mrs. Jackson proceeded westbound and entered the subject intersection.

13.

At the subject intersection, the Highway 27 Bypass (hereinafter "Highway 27") consists of two northbound lanes, two southbound lanes, and turning lanes both eastbound and westbound onto Collard Valley Road.

14.

As Mrs. Jackson was proceeding westbound through the subject intersection, Defendant Person was driving a 1986 Peterbilt tractor, and was pulling a 1974 homemade log trailer, northbound on Highway 27. Defendant Person was approaching the subject intersection.

15.

Suddenly and without warning, Defendant Person ran the red light at the subject intersection, and struck Mrs. Jackson's vehicle at full speed, causing a violent wreck. ("The subject wreck.")

16.

Defendant Person did not apply his brakes before he caused the subject wreck.

17.

Defendant Person struck Mrs. Jackson's vehicle in the front driver's side. In addition to the catastrophic damage caused upon impact, the force of the impact propelled Mrs. Jackson's vehicle northbound, spinning the front of the vehicle violently back toward the east side of Highway 27.

18.

The force of the impact caused Mrs. Jackson to be ejected from her vehicle. The trauma of the impact, along with the trauma from being flung to the pavement, caused traumatic injuries that resulted in Mrs. Jackson's death.

## Count One: Liability of Defendant Person

19.

Defendant Person caused the subject wreck by disobeying an official traffic control device, in violation of OCGA § 40-6-20. Such an act constitutes negligence *per se.*

20.

Defendant Person caused the subject wreck by failing to exercise ordinary care in the operation of his vehicle, and by failing to keep a proper lookout for other motorists, such as Mrs. Jackson.

21.

Prior to the subject wreck, Defendant Person had a

pattern and practice of driving his tractor-trailer while overloaded, in violation of regulations promulgated by the Federal Motor Carrier Safety Administration. On information and belief, Defendant Person's tractor-trailer was overloaded, in excess of these safety regulations at the time of the subject wreck.

22.

The violation of the maximum weight limitations described in Paragraph 21 above caused or contributed to the cause of the subject wreck.

23.

The violation of the maximum weight limitations described in Paragraph 21 above caused or contributed to the cause of the fatal injuries to Mrs. Jackson.

## Count Two: Liability of Defendant Crosscut

24.

Defendant Crosscut is a for-profit business entity.

25.

At all times relevant hereto, Defendant Person was acting as an agent of Defendant Crosscut.

26.

At all times relevant hereto, Defendant Person was acting within the course and scope of his agency relationship with Defendant Crosscut.

27.

Defendant Crosscut is liable for Defendant Person's acts and omissions that resulted in the subject wreck under the doctrine of *respondeat superior*" and the "master – servant" doctrine.

28.

Defendant Crosscut is in the business of contracting for the purchase, harvesting, transportation, and sale of timber and timber-related products.

29.

At all times relevant hereto, Defendant Person was acting in furtherance Defendant Crosscut's business interests.

30.

At all times relative hereto, Defendant Crosscut has been registered as a "motor carrier" within the meaning of the United States Department of Transportation and/or the Federal Motor Carrier Safety Administration.

31.

At all times relevant hereto, Defendant Crosscut was subject to the rules and regulations set forth by the Federal Motor Carrier Safety Administration.

32.

Defendant Crosscut caused or contributed to the violation of the maximum weight limitations described in Paragraph 21

above.

33.

Defendant Crosscut aided or abetted Defendant Person, Defendant HCT and/or other persons or entities in violating the maximum weight limitations described in Paragraph 21 above.

34.

Defendant Crosscut is further liable in damages due to the commission of additional safety violations that caused and/or contributed to the cause of the subject wreck, including:

a. Failure to exercise ordinary care in determining whether Defendant Person and/or Defendant HCT possessed the requisite qualifications, skills, training and experience to haul its goods on public highways; and

b. Failure to exercise ordinary care in determining whether Defendant HCT properly, hired, trained, supervised or otherwise exercised appropriate oversight of Defendant Person's performance of his duties as a tractor-trailer driver.

35.

Defendant Crosscut's errors and omissions described in paragraphs 24-34 herein caused and/or contributed to the cause of the death of Mrs. Gina Jackson.

## Count Three: Liability of Defendant HCT

### 36.

Defendant HCT is a for-profit business entity.

### 37.

At all times relevant hereto, Defendant Person was acting as an agent of Defendant HCT.

### 38.

At all times relevant hereto, Defendant Person was acting as an employee of Defendant HCT.

### 39.

At all times relevant hereto, Defendant Person was acting within the course and scope of his agency or employment relationship with Defendant HCT.

### 40.

Defendant HCT is liable for Defendant Person's acts and omissions that resulted in the subject wreck under the doctrine of *"respondeat superior"* and the "master – servant" doctrine.

### 41.

Defendant HCT is in the business of hauling timber and timber-related products.

### 42.

At all times relevant hereto, Defendant Person was acting in furtherance Defendant HCT's business interests.

43.

At all times relative hereto, Defendant HCT has been registered as a "motor carrier" within the meaning of the United States Department of Transportation and/or the Federal Motor Carrier Safety Administration.

44.

At all times relevant hereto, Defendant HCT was subject to the rules and regulations set forth by the Federal Motor Carrier Safety Administration.

45.

Defendant HCT caused or contributed to the violation of the maximum weight limitations described in Paragraph 21 above.

46.

Defendant HCT aided or abetted Defendant Person, Defendant Crosscut and/or other persons or entities in violating the maximum weight limitations described in Paragraph 21 above.

47.

Defendant Crosscut is further liable in damages due to the commission of additional safety violations that caused and/or contributed to the cause of the subject wreck, including:

a. Failure to exercise ordinary care in determining

whether Defendant Person possessed the requisite qualifications, skills, training and experience to drive a tractor-trailer on public highways; and

b. Failure to exercise ordinary care in the hiring, training, supervision or other oversight of Defendant Person's performance of his duties as a tractor-trailer driver.

### 48.

Defendant HCT's errors and omissions described in paragraphs 36-47 herein caused and/or contributed to the cause of the death of Mrs. Gina Jackson.

## Count Four: Liability of Unknown Defendants

### 49.

Defendants John Doe and/or John Doe, Inc. are those persons, firms or individuals that had a business interest in the ongoing timber cutting and hauling enterprise that contracted with Defendant Crosscut, Defendant HCT and/or Defendant Person.

### 50.

Defendants John Doe and/or John Doe, Inc. are liable to Plaintiffs under the doctrine of *"respondeat superior"* and the master - servant doctrine.

### 51.

Defendants John Doe and/or John Doe, Inc. are liable to

Plaintiffs by virtue of their:

    a. Failure to exercise ordinary care in determining whether Defendant Person possessed the requisite qualifications, skills, training and experience to drive a tractor-trailer on public highways; and

    b. Failure to exercise ordinary care in the hiring, training, supervision or other oversight of Defendant Person's performance of his duties as a tractor-trailer driver.

### Count Five: Punitive Damages

#### 52.

Due to the defendants' acts and omissions described herein, and due to such other and further acts committed by these defendants that may be discovered upon further investigation of this matter, such conduct demonstrates that these defendants acted with willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences of their actions. Accordingly, the Plaintiffs are entitled to receive verdict and judgment for additional, punitive damages because of said egregious, aggravating conduct. The Plaintiffs seek such damages to punish and penalize these defendants for their conduct, and to deter these defendants from such conduct in the future.

Said punitive damages should be awarded in such amount as may be deemed just and appropriate by an impartial and fair-minded jury.

### Count Six: Plaintiffs' Claims for
### for Attorneys' Fees and Expenses of Litigation

53.

Plaintiffs show that Defendant Crosscut and its agents, representatives and assigns, have acted in bad faith, have been stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expense. Therefore, Plaintiffs are entitled to recover their expenses of litigation, including reasonable attorneys' fees, as provided by OCGA §13-6-11.

### Proximate Cause

54.

All damages to Plaintiffs detailed herein were directly and proximately caused by the negligence of these defendants.

### Prayer for Relief

55.

Plaintiffs bring this action to recover for the personal injuries and wrongful death of Mrs. Gina Wood Jackson, including

A. the medical, hospital and ambulance expenses that Mrs. Jackson's Estate has incurred on account of the medical treatment provided in an attempt to save her life following the subject wreck;

B. the fright, shock, pain, suffering, terror and mental anguish that Mrs. Jackson incurred following the wreck, prior to her death;

C. the full value of Mrs. Jackson's life, to be determined by the enlightened conscience of an impartial jury, without limitation;

D. punitive damages, pursuant to OCGA § 51-12-5.1, upon proof of same by clear and convincing evidence; and

E. Attorneys' fees and expenses of litigation, pursuant to OCGA §13-6-11.

WHEREFORE, Plaintiffs pray:

A. That Summons issue and that service be perfected upon the defendants as provided by law;

B. That Plaintiffs receive a monetary judgment against defendant, in an amount to be determined by the enlightened conscience of an impartial jury, without limitation; and

C. That Plaintiffs have such other and further relief as she may be entitled.

*(Signatures only on following page)*

Respectfully submitted, this the _____ day of _____ _____, 2017.

**PARKER & LUNDY**

_____
William L. Lundy, Jr.
Georgia Bar No. 461185

_____
Richard J. Lundy
Georgia Bar No. 460860

_____
Charles E. Morris, Jr.
Georgia Bar No. 523598

Attorneys for Plaintiffs

P.O. Box 1018
212 Main Street
Cedartown, GA 30125
Phone:   770/748-5643
Fax:     770/748-5128

FILED & RECORDED
CLERK'S SUPERIOR COURT
POLK COUNTY, GA.
2017 JUN 28 PM 3: 59
SHEILA WELLS, CLERK

IN THE POLK COUNTY SUPERIOR COURT
STATE OF GEORGIA

CRISTAL CAUTHEN, as Administrator of &ast;
the Estate of GINA WOOD JACKSON, &ast;
HOLLIS J. JACKSON, as Surviving &ast;
Spouse of GINA WOOD JACKSON, and &ast; Civil Action File No.:
MATTHEW SCOTT WOOD AND KENNETH&ast; SVCV2017000489
DERRICK HATCH as Surviving Sons of &ast;
GINA W. JACKSON, &ast;
&ast;
    Plaintiffs, &ast;
&ast;
VS. &ast;
&ast;
ANTWAIN DURRELL PERSON, CROSSCUT&ast;
TIMBER, LLC., HEARD COUNTY TIMBER,&ast;
INC., JOHN DOE and JOHN DOE, INC. &ast;
&ast;
    Defendants. &ast;

FILED & RECORDED
CLERK SUPERIOR COURT
POLK COUNTY, GA.
2017 JUN 30  PM 3: 36
SHEILA WELLS, CLERK

## ORDER ON PLAINTIFF'S MOTION FOR APPOINTMENT
## OF A SPECIAL AGENT FOR SERVICE OF PROCESS

HAVING READ AND REVIEWED the Plaintiff's motion for appointment of a special

agent for service of process, the Court finds that sufficient grounds exist for granting said motion.

WHEREFORE, this Court Orders that **Nan Langford Winkelman** citizen of the United

States over the age of eighteen years, is hereby authorized and specifically appointed by this

Court to serve process and to personally serve the Defendants and any underinsured motorist

carrier herein with a copy of the Summons and Pleadings filed in this action.

SO ORDERED, this the 30th day of ____June____, 2017.

_____
Honorable Chief Judge Michael L. Murphy
Polk County Superior Court

Submitted by:

_____     _____     _____
William L. Lundy, Jr.                    Richard J. Lundy                      Charles E. Morris, Jr.
Georgia Bar No.461185               Georgia Bar No.:460860            Georgia Bar No.: 523598
212 Main Street                           212 Main Street                         212 Main Street
Cedartown, GA 30125                 Cedartown, GA 30125               Cedartown, GA 30125
Counsel for Plaintiff                     Counsel for Plaintiff                   Counsel for Plaintiff

### IN THE POLK COUNTY SUPERIOR COURT
### STATE OF GEORGIA

FILED & RECORDED
CLERK SUPERIOR COURT
POLK COUNTY, GA.

2017 JUN 30  PM 3: 36

SHEILA WELLS, CLERK

CRISTAL CAUTHEN, as Administrator of    *
the Estate of GINA WOOD JACKSON,    *
HOLLIS J. JACKSON, as Surviving    *
Spouse of GINA WOOD JACKSON, and    * Civil Action File No.:
MATTHEW SCOTT WOOD AND KENNETH *   SUCV2017000489
DERRICK HATCH as Surviving Sons of    *
GINA W. JACKSON,    *
   *
     Plaintiffs,    *
   *
VS.    *
   *
ANTWAIN DURRELL PERSON, CROSSCUT *
TIMBER, LLC., HEARD COUNTY TIMBER, *
INC., JOHN DOE and JOHN DOE, INC.    *
   *
     Defendants.    *

### PLAINTIFF'S MOTION FOR APPOINTMENT
### OF A SPECIAL AGENT FOR SERVICE OF PROCESS

COMES NOW the Plaintiff Cristal Cauthen, as Administrator of The Estate of Gina

Wood Jackson, Hollis J. Jackson, as Surviving Spouse of Gina Wood Jackson, and Matthew

Scott Wood and Kenneth Derrick Hatch as Surviving Sons of Gina W. Jackson, and respectfully

moves that this Court issue an Order naming **Nan Langford Winkelman** as a Special Agent for

service of process, to serve the Defendants herein as well as any and all uninsured motorist

insurance carriers with a copy of the Summons and Pleadings in this action, pursuant to OCGA §

9-11-4(c).

In support of this Motion, the Plaintiff shows to the Court that the Summons and

Complaint in this action were filed within sixty days of the period of limitations on the Plaintiff's

claim; that proposed process server Nan Langford Winkelman is over the age of eighteen, is not

an employee of the law firm of Parker and Lundy, and has no financial interest in the outcome of

this action.

Respectfully submitted, this the 29th day of June, 2017.

PARKER & LUNDY

William L. Lundy, Jr.
Counsel for Plaintiff
Georgia Bar No. 461185

Richard J. Lundy,
Counsel for Plaintiff
Georgia Bar No. 460860

Charles E. Morris, Jr.
Counsel for Plaintiff
Georgia Bar No. 523598

212 Main Street
Post Office Box 1018
Cedartown, GA 30125
770/748-5643